Hahn v. The State of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 13th day of October, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             WILLIAM J. NARDINI,
                          *Circuit Judges*.

_____

PHILIP HAHN,

                     *Plaintiff-Appellant*,

            v.                                                    19-3690-cv

STATE OF NEW YORK, NEW YORK SUPREME COURT,
JUDGE PAUL WOOTEN,

                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Philip Hahn, pro se, Paramus, NJ.

Appearing for Appellee:      David Lawrence III, Assistant Solicitor General of Counsel
                             (Barbara D. Underwood, Solicitor General, Judith N. Vale, Senior
                             Assistant Solicitor General, *on the brief*), *for* Letitia James,
                             Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Philip Hahn, proceeding pro se, appeals from a judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*), entered October 16, 2019, dismissing his 42 U.S.C. Section 1983 complaint, in which he alleged that a New York State Supreme Court justice deprived him of his right to a jury trial in civil actions filed in state court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and specification of issues for review.

A district court has inherent authority to sua sponte dismiss a complaint on the ground that it lacks an arguable basis either in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325-26 (1989). Although we have not yet decided whether a district court's exercise of this authority is reviewed de novo or for abuse of discretion, we need not do so where, as here, the district court's decision "easily passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2. We afford a pro se litigant "special solicitude" by interpreting a complaint filed pro se "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal citation, alterations, and quotation marks omitted).

The district court properly concluded that the Eleventh Amendment bars Hahn from bringing this Section 1983 suit against the State and the New York Supreme Court. The Eleventh Amendment precludes suits against states and their agencies unless the state expressly waives its immunity or Congress abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding Eleventh Amendment bars a suit against a state or its agencies, "regardless of the nature of the relief sought"). This immunity extends to the New York Supreme Court. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (holding the New York State Unified Court System "is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity" (internal citation and quotation marks omitted)). Congress has not abrogated sovereign immunity for Section 1983 claims, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and New York has not waived it, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 39-40 (2d Cir. 1977).

Further, the district court properly found that Justice Wooten is immune from suit. To the extent Hahn sued Justice Wooten in his official capacity, his claim is barred by Eleventh Amendment immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Although sovereign immunity does not bar suit against a state official acting in his official capacity when the litigant seeks prospective relief based on an "ongoing violation of federal law," that exception is inapplicable here because Hahn's suit does not allege an ongoing violation. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal citation omitted) (discussing *Ex parte Young*, 209 U.S. 123 (1908)). To the extent Hahn's suit names Justice Wooten in his individual capacity, his claim for damages is barred by judicial immunity because Hahn alleged that he was harmed by judicial acts (i.e., the disposition of a lawsuit), and his claim for injunctive relief is barred because he has not alleged a violation of a judicial decree or that declaratory relief was unavailable. *See Green v. Maraio*, 722 F.2d 1013, 1016 (2d Cir. 1983) ("A judge defending

against a section 1983 action is entitled to absolute judicial immunity from damages liability for acts performed in his judicial capacity." (internal citations omitted)); *see also* 42 U.S.C. § 1983 (barring injunctive relief against judicial officers "unless a declaratory decree was violated or declaratory relief was unavailable"). Although Hahn argues on appeal that Justice Wooten acted outside his judicial capacity, deciding to dismiss a lawsuit prior to trial is a quintessential judicial action.

Finally, while a district court should not ordinarily dismiss a pro se complaint without granting leave to amend, it may do so when, as here, amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Hahn's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3